IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Petitioner,                         No. CIV S-06-0018 FCD KJM P

    vs.

YOLO COUNTY SHERIFF, et al.,

    Respondents.                    ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis, a request for the appointment of counsel, and a motion to stay the execution of his state sentence, which includes a request for discovery.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Because petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to petitioner's habeas petition.

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

1 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
2 any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing
3 § 2254 Cases. In the present case, the court does not find that the interests of justice would be
4 served by the appointment of counsel at the present time.
5 Petitioner's stay motion requests a stay of his misdemeanor sentence pending
6 resolution of this habeas petition. It is firmly established that it is within the inherent power of a
7 district court "to enlarge a state prisoner on bond pending hearing and decision on his application
8 for a writ of habeas corpus." See, e.g., In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975);
9 United States ex rel. Thomas v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S.
10 878 (1973); Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam). It also is
11 within the inherent power of a district court to stay execution of a sentence. Scheinert v.
12 Henderson, 800 F.Supp. 263, 265 (E.D. Pa. 1992). Here, taking into account other cases
13 petitioner has filed in this court, it is not entirely clear whether petitioner is serving a sentence
14 already imposed in the underlying case or whether he is serving a portion of an earlier sentence
15 and thus whether he is seeking a release on bail from a sentence he is already serving or a stay of
16 all or part of a sentence he has yet to serve. See Sherman v. Losoya, Civ. No. S-04-1310;
17 Sherman v. Yolo County Sheriff, Civ. No. S-06-0016 GEB DAD; Sherman v. Yolo County
18 Sheriff, Civ. No. S-06-0017 DFL GGH.
19 The bail standard for a person seeking collateral review is markedly different from
20 the standard applied to a pretrial detainee. Persons accused of crimes and awaiting trial are
21 presumed innocent and thus enjoy an Eighth Amendment right to be free from excessive bail.
22 Stack v. Boyle, 342 U.S. 1, 4-6 (1951). In contrast, a habeas corpus petitioner requesting
23 postconviction relief has already been convicted and thus is no longer presumed innocent and no
24 longer enjoys a constitutional right to freedom, however conditional. Aronson v. May, 85 S. Ct.
25 3, 5 (1964) (Douglas, J., in chambers); see also McGee v. Alaska, 463 U.S. 1339 (1983)
26 (Rehnquist, J., in chambers); Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972).
/////

In a Ninth Circuit case decided shortly prior to Aronson, it was held that:

> It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. Something more than that is required before we would be justified in granting bail.

Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964) (footnote omitted). In Aronson, which cites the Ninth Circuit's decision in Benson, an applicant requested bail pending appeal from the denial of his petition for writ of habeas corpus. Justice Douglas set forth the following guidelines for determining when a habeas corpus petitioner could be released on bail:

> In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice. See Benson v. California, 328 F.2d 159 (9th Cir. 1964).

Aronson, 85 S. Ct. at 5. Thus, Aronson requires a petitioner to demonstrate that his underlying claim raises "substantial questions" and that his case presents "exceptional" circumstances.[1] A petitioner seeking to stay the execution of a sentence to be served in the future must meet the same standard. Scheinert, 800 F.Supp. at 265.

A number of cases interpreting the first prong of the Aronson test have required that petitioner's claims be more than substantial. See, e.g., Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner pending post-conviction relief only when petitioner raises substantial constitutional claims upon which he has a high probability of success and when extraordinary or exceptional circumstances exist); Glynn, 470 F.2d at 98 (court will not grant bail unless petitioner presents not only a clear case on

/////

---

[1] But see Land v. Deeds, 878 F.2d 318, 318-19 (9th Cir. 1989) (per curiam) (reciting test as requiring either special circumstances or a high probability of success, with citation to Aronson v. May, 85 S. Ct. 3, 5 (1964)). Although the test in Land appears to be different because it requires either special circumstances or a high probability of success, Land's use of the word "or" may have been inadvertent. In any case, Benson remains good law in light of Aronson.

the law but a readily evident case on the facts); see also Richardson v. Wilhelm, 587 F. Supp. 24, 25 (D. Nev. 1984); Monroe v. State Court of Fulton County, 560 F. Supp. 542, 545 (N.D. Ga. 1983).

        Courts have also narrowly construed the second test of the Aronson analysis; namely, that petitioner show that his case presents exceptional circumstances justifying relief. See Calley, 496 F.2d at 702. Exceptional circumstances may be found and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, Woodcock, 470 F.2d at 94; Johnston v. Marsh, 227 F.2d 528, 532 (3rd Cir. 1955); (2) there is an extraordinary delay in the processing of a petition, Glynn, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be had, Boyer v. City of Orlando, 402 F.2d 966, 968 (5th Cir. 1968) (bail granted where court concluded petitioner should present claims to state courts, despite state courts' precedents denying relief for his claim, and feared petitioner's sentence would run before exhaustion could be completed); see also Goodman v. Ault, 358 F. Supp. 743, 747 (N.D. Ga. 1973).

        In this case, petitioner suggests that his sentence on the underlying misdemeanor will be complete before this case will be adjudicated. He has not shown, however, the sort of substantial questions that would trigger the grant of a stay, in part because of the procedural history of the case. Accordingly, his request for a stay will be denied.

        Finally, petitioner seeks to discover the district attorney's records for proof of invidious discrimination. A habeas petitioner is not entitled to discovery as a matter of course, but only when

> specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .

Bracy v. Gramley, 520 U.S. 899, 909 (1997) (internal quotations and citations omitted); Rule 6(a), Rules Governing § 2254 Cases. Petitioner has not provided any specific allegations

necessary to support this request.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Petitioner's motion for the appointment of counsel is denied;

3. Petitioner's motion for an order staying execution of his sentence is denied;

4. Petitioner's motion for discovery is denied without prejudice;

5. Respondents are directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;

6. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

7. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter; and

8. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus under 28 U.S.C. § 2254 on Jo Graves, Senior Assistant Attorney General.

DATED: January 10, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/mp; sher0018.110